SAMUEL JONES, Jr.
vs.
ROBERT B. HANCOCK ET AL. } December Term, 1847.

[MECHANICS' LIEN.]

THE law relating to the lien of mechanics and others upon buildings, only prefers such lien to every other lien or incumbrance, which attached upon the building, *subsequent* to the commencement of the same.

If there be liens on the property, *prior* to the commencement of the building upon which the work is done, or for which the materials are found, the lien for work and materials must be postponed to such prior incumbrance.

The act of 1845, ch. 287, sec. 4, gives no right to a party to enforce this lien upon the proceeds of sales of *machinery*

Though a party having a lien on *a building* for work and materials, may come into a court of law or equity for his share of the proceeds of a sale, made under its authority, no such right is given when such proceeds arise from the *sale of machinery*.

[This case was argued on exceptions to the Auditor's report, filed on the 13th July, 1847. The claims of the exceptants under the lien law of 1838, chap. 205, and the various supplements thereto, especially those of 1845, chapters 176 and 289, having been rejected by the Auditor, the question brought before the court was, how far this law with its supplements applied to the case of the exceptants. The facts of the case are sufficiently disclosed in the opinion of the Chancellor:]

THE CHANCELLOR:

The exceptions to the report of the Auditor, were submitted to the Chancellor for his decision by an agreement of the parties, filed on the 8th of the present month, (December, 1847.) In pursuance of that agreement, the papers were laid before me on the 13th, and on the 14th upon an examination of the acts of assembly, I came to the conclusion, that the claims of Wells & Miller, and Edward G. Dorsey, excepting creditors, could not be supported as liens, upon the proceeds of the sale made by the trustee in this case, and ratified the Auditor's report, by which they were excluded.

After this decision was made, though on the same day, written arguments in behalf of these parties, were received by the register, who deemed it his duty, again to lay the case before me ; and, in so doing, he was quite right; though it must be apparent to all concerned, that it would be far better, and much more satisfactory, *if cases were withheld from the Chancellor, until they are actually ready for decision, and if arguments are to be made, they should be made before the judgment of the court is asked for.*

I consider it proper, now, however, to state briefly the grounds of my opinion.

The property sold by the trustee in this case, consisted of a certain lot and buildings in the city of Baltimore, and the machinery and fixtures attached to and connected therewith, which had been mortgaged by Hancock and Mann, to Dawson and Norwood, by three several deeds of mortgage, the first of which was executed on the 31st day of July, 1845,

The trustee, whose sale was made on the 15th February, 1847, sold the property in the lump, for the round sum of twenty-thousand five hundred dollars, and the sale was finally ratified and confirmed on the 14th June, 1847, after public notice duly given, and without exception.

The proceeds are insufficient by many thousand dollars, to pay the vendor's lien for the balance of the purchase money of the lot, and the amount due on the mortgages to Dawson and Norwood, which were assigned to Samuel Jones, Jr., and by him to Wynn and Ross.

These creditors, Wells and Miller, and Edward G. Dorsey, claim to have a lien upon the proceeds of sales, upon the ground, that the sums due them, are for work done, and materials found, for machinery put up in the factory, which was erected upon the premises, and they rely upon the 4th section of the act of 1845, chapter 176, being a supplement to the act of 1838, chapter 205, relating to the lien of mechanics, and others upon buildings.

The first section of this act declares, "that the work done, and materials furnished for, or about the erection or construction of any building," &c., "shall only be preferred to every other lien or incumbrance, which attached upon such building subsequent to the commencement of the same, and the ground covered by, and necessary for the ordinary and useful purposes of such building. But, if there be liens on the property prior to the commencement of the building upon which the work is done, or for which the materials are found, it follows that the lien, if for the work and materials, must be postponed to such prior incumbrance.

And the 4th section, relied upon by these creditors, says, "that every machine hereafter to be erected, constructed, or re-

paired, within the city of Baltimore, shall be subject to a lien in like manner, as buildings are made subject under the provisions of this, and the original act."

Now, if the property upon which the machinery in question was constructed, was subject to a lien or incumbrance, prior in date, to the commencement of the buildings in which the machinery was placed, why then the parties doing the work upon, and finding the materials for such machinery, are deferred by the law to the holder of the prior lien or incumbrance.

In this case, the first of the mortgages to Dawson. and Norwood, is dated on the 31st of July, 1845, and the presumption, therefore, is not a violent one, that it attached upon the property, before the buildings, within which was the machinery supplied by Wells and Miller, were commenced.

But again, the attempt here is to enforce the lien, not upon the machinery itself, but upon the proceeds of sales made by the trustee, when, as appears by his report, the whole property, including lot, buildings and machinery, were sold in mass, for one round sum, and there is no evidence, whatever, to show, what the machinery was worth at the period of sale, or how much it increased the price of the property.

The court, therefore, has no guide by which the money could be apportioned, and if it undertook to do so, must rely upon mere random conjecture.

There is, moreover, another difficulty. The right to come in upon the proceeds of sales made under the decree of this court, is founded upon the 4th section of the act of 1845, chap. 287, being an additional supplement to the lien law. But this section gives no right so to come in upon the proceeds of sales of *machinery*. The language is, "that in all cases of sales made under a judicial process," &c., "of any building to which a lien for work done or materials found attaches, the proceeds of such sale shall be applied and distributed, in such manner and form, as shall be just and equitable, and as shall apportion the same among the claimants thereto, according to their respective rights and priorities."

It would seem, therefore, that though a party having a lien

on *a building* for work or materials, may come into a court of law or equity, for his share of the proceeds of a sale made under its authority, no such right is given, when such proceeds arise from the sale of machinery.

Upon the whole, I am of opinion, that as against the lien of the vendor, and the mortgage, these parties cannot be allowed to prevail in this court upon these proceeds of sale.

[An appeal was taken from this order but is not yet decided.]